Citation Nr: 1522735 
Decision Date: 05/29/15 Archive Date: 06/11/15

DOCKET NO. 13-31 424 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Indianapolis, Indiana


THE ISSUES

1. Entitlement to an increased evaluation for tinnitus in excess of 10 percent.

2. Entitlement to service connection for a right ear hearing loss disability.


ATTORNEY FOR THE BOARD

W. R. Stephens, Associate Counsel


INTRODUCTION

The Veteran served on active duty from April 1985 to July 1991.

These matters are before the Board of Veterans' Appeals (Board) on appeal of a December 2011 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Indianapolis, Indiana.

The issue of entitlement to service connection for anxiety/depression has been raised by the record in a July 2014 claim, but has not been adjudicated by the Agency of Original Jurisdiction (AOJ). Therefore, the Board does not have jurisdiction over it, and it is referred to the AOJ for appropriate action. 38 C.F.R. § 19.9(b) (2014). The Board does note that the record seems to indicate the RO has begun work on this claim, but considered a referral appropriate.

The Board has not only reviewed the Veteran's physical claims file but also the electronic records maintained in the Virtual VA and VBMS systems to ensure review of the totality of the evidence.

The issues of entitlement to an increased disability rating for tinnitus is addressed in the REMAND portion of the decision below and is REMANDED to the AOJ.


FINDING OF FACT

There is at least an approximate balance of positive and negative evidence as to whether the Veteran has a current right ear hearing loss disability as a result of active service.


CONCLUSION OF LAW
Resolving doubt in favor of the Veteran, a right ear hearing loss disability was incurred during the Veteran's active duty service. 38 U.S.C.A. §§ 1110, 5107 (West 2002); 38 C.F.R. §§ 3.102, 3.303, 3.304, 3.385 (2014).


REASONS AND BASES FOR FINDING AND CONCLUSION

I. VA's Duty to Notify and Assist

The Veterans Claims Assistance Act of 2000 (VCAA), codified in pertinent part at 38 U.S.C.A. §§ 5103, 5103A (West 2002 & Supp. 2013), and the pertinent implementing regulation, codified at 38 C.F.R. § 3.159 (2014), provides that VA will assist a claimant in obtaining evidence necessary to substantiate a claim. 

The Board's decision to grant the service connection claim for a right ear hearing loss disability is considered a complete grant on this issue. This issue is substantiated, and there are no further VCAA duties at this time. Wensch v. Principi, 15 Vet App 362, 367-68 (2001); see also 38 U.S.C.A. § 5103A(a)(2) (Secretary not required to provide assistance "if no reasonable possibility exists that such assistance would aid in substantiating the claim"); VAOPGCPREC 5-2004; 69 Fed. Reg. 59989 (2004) (the notice and duty to assist provisions of the VCAA do not apply to claims that could not be substantiated through such notice and assistance).

II. Service Connection for Right Ear Hearing Loss

The Veteran was previously granted service connection for a left ear hearing loss disability in the December 2011 rating decision currently on appeal. The Veteran was denied entitlement to service connection for a right ear hearing loss disability in that rating decision, and subsequent readjudications, as the evidence did not show that he had a current right ear hearing loss disability in accordance with 38 C.F.R. § 3.385.

To establish entitlement to service-connected compensation benefits, a Veteran must show: "(1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease of injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service - the so-called 'nexus' requirement." Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). 

For the purposes of applying the laws administered by VA, impaired hearing will be considered to be a disability when the auditory threshold in any of the frequencies 500, 1000, 2000, 3000, or 4000 Hertz is 40 decibels or greater; or when the auditory thresholds for at least three of the frequencies 500, 1000, 2000, 3000, or 4000 Hertz are 26 decibels or greater; or when speech recognition scores using the Maryland CNC Test are less than 94 percent. 38 C.F.R. § 3.385 (2014).

As a preliminary matter, exposure to hazardous noise in service has been previously conceded by VA, as the Veteran's MOS is consistent with such exposure. As a result, Shedden requirement (2) is met. 

Secondly, a November 2011 VA audio examiner concluded that the Veteran's hearing loss disability was at least as likely as not caused by or a result of his military service. Service connection for a left ear hearing loss disability was granted on the basis of this opinion. As previously discussed, service connection for a right ear hearing loss disability was denied as the objective medical evidence did not show a right ear hearing loss disability in accordance with 38 C.F.R. § 3.385. Effectively, Shedden requirements (2) and (3) are met.

With respect to Shedden requirement (1), the Board finds that the evidence is at least in relative equipoise as to whether the Veteran has a currently diagnosed right ear hearing loss disability. VA medical examinations in November 2011 and June 2014 decidedly do not document a right ear hearing loss disability in accordance with the objective requirements under 38 C.F.R. § 3.385. Additionally, a May 2011 private audio examination submitted by the Veteran fails to document a right ear hearing loss disability. However, a September 2013 private audio examination does document right ear hearing loss of 40 decibels at 4000 Hertz in the right ear. Thus, the Board finds that there is at least some objective medical evidence of a right ear hearing loss disability during the period on appeal. While the other three examinations mentioned do not document findings consistent with a right ear hearing loss disability, the Board notes that the objective findings in the May 2011, November 2011, and June 2014 examinations are close to the criteria under 38 C.F.R. § 3.385. Furthermore, the Board acknowledges that the severity of hearing loss, like all disabilities, often fluctuates. Thus, the Board finds that the evidence as to whether the Veteran has a current right ear hearing loss disability in accordance with VA regulations is in relative equipoise.

Accordingly, the Board finds that all three Shedden requirements for service connection have been met. As such, the Board will resolve all reasonable doubt in the Veteran's favor and grant entitlement to service connection for a right ear hearing loss disability. See 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102.


ORDER

Entitlement to service connection for a right ear hearing loss disability is granted.


REMAND

The Board observes that additional medical records have been uploaded into the Veteran's electronic Virtual VA claims folder since the RO issued the most recent supplemental statement of the case (SSOC) in September 2014. While these records predominately reference medical conditions unrelated to those on appeal, they do include some potentially pertinent findings related to the Veteran's tinnitus. Among other things, this evidence includes a September 2013 letter from Dr. G.H. to Dr. C.R. discussing the Veteran's recent treatment for hearing loss and subjective tinnitus as well as continued assessments of symptoms of deafness. 

The Board may not consider additional evidence not previously reviewed by the AOJ, unless a waiver of initial AOJ review is obtained from the Veteran. Disabled American Veterans , et. al. v. Secretary of Veterans Affairs, 327 F.3d 1339 (Fed. Cir. 2003); 38 C.F.R. § 20.1304(c). The Veteran has not submitted a waiver of AOJ consideration of the new evidence received since the September 2014 SSOC, and the AOJ has not issued an SSOC with consideration of the newly received evidence. On remand, the agency of original jurisdiction should issue a new SSOC that considers the evidence received since the September 2014 SSOC. 

In reaching this conclusion, the Board observes that the Veteran filed his substantive appeal after February 2, 2013. For all substantive appeals received on or after February 2, 2013, if, either at the time or after the AOJ receives a substantive appeal, the claimant or the claimant's representative submits evidence to either the AOJ or the Board for consideration in connection with the issues on appeal, such evidence shall be subject to initial review by the Board unless the claimant or the claimant's representative requests in writing that the AOJ initially review such evidence. Section 501 of the Honoring America's Veterans and Caring for Camp Lejeune Families Act of 2012, Public Law (PL) 112-154 (amending 38 U.S.C. § 7105 by adding new paragraph (e)). However, as this evidence does not appear to have been submitted by either the Veteran or his accredited representative, the claim must be remanded for the RO for readjudication with consideration of the newly received evidence.

Accordingly, the case is REMANDED for the following action:

Readjudicate the claim of whether the Veteran's claim for entitlement to a higher evaluation for tinnitus. If the benefit sought on appeal is not granted, the Veteran and his representative should be provided with a Supplemental Statement of the Case and afforded the appropriate time period within which to respond before the record is returned to the Board for further review.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate 

action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




____________________________________________
DAVID L. WIGHT
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs